**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 211 WAUKEGAN LLC, | ) | Case No. 11-13104 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**NOTICE OF FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF THE
LAW OFFICE OF WILLIAM J. FACTOR, LTD., AND HEARING THEREON**

**PLEASE TAKE NOTICE** that on December 19, 2011, The Law Office of William J. Factor, Ltd. (the "*Firm*") filed its *First and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd., as Counsel to the Debtor* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, the Firm seeks final compensation in the amount of $80,055.00 and final reimbursement of expenses in the amount of $5,137.69.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Courtroom 682, located at 219 South Dearborn Street, Chicago, Illinois 60604, **on Thursday, January 12, 2012 at 10:00 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated: December 19, 2011    Respectfully submitted,

                                                                       THE LAW OFFICE OF WILLIAM J.
                                                                       FACTOR, LTD.

                                                                       By: /s/ Sara E. Lorber

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Suite 1500
Chicago, Illinois 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        slorber@wfactorlaw.com

# **CERTIFICATE OF SERVICE**

      I, Sara E. Lorber, an attorney, hereby certify that on December 19, 2011, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused copies of the *Notice of First and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd. and Hearing Thereon* and the *First and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd.* to be served upon the parties identified on the attached Service List by either U.S. Mail or through the Court's Electronic Notice for Registrants, as indicated thereon.

                                                                /s/ Sara E. Lorber

## SERVICE LIST

**Registrants in the Case - Service Through ECF**

William D. Dallas        wdd@rfd-law.com
Richard H. Fimoff        rfimoff@rsplaw.com, fb@rsplaw.com
Patrick S. Layng         USTPRegion11.ES.ECF@usdoj.gov
Steven S. Potts          otispott@comcast.net
Derek D. Samz            dereksamz@gmail.com, nromando@dimontelaw.com

**All Creditors – Service by U.S. Mail**

All Star Asphalt
c/o Kurt E. Vragel, Jr., P.c.
1701 East Lake Avenue, Suite 170
Glenview, IL 60025-2085

Arizona Landscaping
P.O. Box 2878
Glenview, IL 60025-6878

AT&T
Attn: Bankruptcy Department
P.O. Box 769
Arlington, TX 76004

BPL Construction
1226 McDaniel Avenue
Highland Park, IL 60035-3645

Brandwein & Smolin
20 South Clark Street
Chicago, IL 60603-1802

Citibank South Dakota, N.A.
701 E 60th Street North
Sioux Falls SD 57117

Commonwealth Edison Company
Attn: Bankruptcy Group – Claims Department
Three Lincoln Center
Oakbrook Terrace, IL 60181

Gregg Flitcraft
707 Skokie Boulevard, #7
Northbrook, IL 60062-2857

Johnson & Bell
Attn: Elsa Hernandez
33 West Monroe Street
Chicago, IL 60603-5300

Johnson Controls
P.O. Box 905240
Charlotte, NC 28290-5240

Madwar Werod
6846 North Dowagiac Avenue
Chicago, IL 60646-2835

Joseph Mann & Creed
20600 Chargin Boulevard, Suite 550
Beachwood, OH 44122-5340

Northbrook Bank & Trust Company
c/o Jeffery Thoelecke
245 Waukegan Avenue
Winnetka, IL 60093-2752

Northern Illinois Gas Company d/b/a
NICOR Gas Company
Attn: Bankruptcy Department
P.O. Box 190
Aurora, IL 60507

North Shore Gas Company
130 East Randolph Street, 16th Floor
Chicago, IL 60601

2

Rouben Ghorbanian
c/o The Gleason Law Group
4653 North Milwaukee Avenue
Chicago, IL 60630-3631

RSG Group, Inc.
6148 North Central Park Avenue
Chicago, IL 60659

Schindler Elevator
1530 Timberwolf Drive
Holland, OH 43528-9161

Simplex-Grinnell Alarm
20600 Chagrin Boulevard, Suite 550
Beachwood, OH 44122-5340

Chapekis Marcus Allen & Chapekis
Attn: Frederick Chapekis
11 South LaSalle Street #1000
Chicago, IL 60603-1207

Di Giacomo & Somers, L.L.C.
c/o Carol Di Giamcomo and Kathyran M. Somers
211 Waukegan Road, Suite 105
Northfield, IL 60093

The Peoples Gas Light and Coke Company
130 East Randolph Street, 16th Floor
Chicago, IL 60601

Valex International/Electrical Services
2390 Legends Court
Deerfield, IL 60015-3856

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 211 WAUKEGAN LLC, | ) | Case No. 11-13104 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**FIRST AND FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.**

The Law Office of William J. Factor, Ltd. (the "*Firm*"), as counsel to the captioned debtor-in-possession (the "*Debtor*"), submits its First and Final Application for Compensation and Reimbursement of Expenses (the "*Application*") for legal services performed and expenses incurred during the period of March 30, 2011 through December 1, 2011 (the "*Application Period*"). In support of this Application, the Firm respectfully states as follows:

**INTRODUCTION**

1. By this Application, the Firm seeks an order of this Court:

    a. allowing and awarding the Firm final compensation in the amount of $80,055.00 for professional services rendered by the Firm on behalf of the Debtor during the Application Period, and reimbursement of actual and necessary expenses in the amount of $5,137.69 incurred on behalf of the Debtor;[1]

    b. resolving any dispute over disposition of the Retainer (as defined herein), as further discussed below; and

---

[1] Two different Proposed Orders have been submitted herewith. Which order is appropriate depends upon how the Court decides to apply the retainer.

        c.      authorizing the Firm to apply the Retainer to the allowed fees and expenses and/or directing 211 Waukegan, i.e., the Reorganized Debtor, to pay the allowed fees and expenses.

2.      The Firm makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4.      Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (O).

## BACKGROUND

**I.    CASE BACKGROUND**

5.      On March 30, 2011 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, *as amended* (the "*Bankruptcy Code*"), thereby initiating the captioned (the "*Case*"). Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor was a debtor-in-possession prior to the confirmation of the Debtor's Fifth Amended Plan of Reorganization (the "*Confirmed Plan*") on November 15, 2011.

6. No creditors' committee was appointed in the Case. Further, no trustee or examiner was requested or appointed in the Case.

7. This is a single asset real estate case. The property at issue is a 3-story commercial building located in Northfield, Illinois.

8. While the Debtor was technically a debtor-in-possession, a receiver (the "*Receiver*") appointed prepetition by the Circuit Court of Cook County, Illinois remained in place and in control of the Debtor's real estate during the course of the Case pursuant to two agreed orders. *See* Dkt. Nos. 21 and 111.

9. On May 31, 2011, the Court entered an Order granting the Debtor's application to employ the Firm as its counsel effective as of the Petition Date. *See* Dkt. No. 82.

10. Prior to the Petition Date, the Firm received two retainer payments totaling $25,000 from Bea Kabbani, the manager of the Debtor.

11. Prior to the Petition Date, the Firm incurred fees of $2,220 on behalf of the Debtor related to bankruptcy preparation matters (the "*Prepetition Fees*"). So that the Firm was not a creditor in the Case, the Firm applied the retainers to the Prepetition Fees. The Firm is holding $22,780 of the prepetition retainers (the "*Prepetition Retainer*").

12. In addition, following the Petition Date, on or about June 29, 2011, the Firm received an additional $10,000 retainer from Medcare, a company owned by Ms. Kabbani (the "*Post-Petition Retainer*" and along with the Prepetition Retainer, the "*Retainer*").

**A. The Auction For Equity In The Reorganized Debtor And Confirmation.**

13. On June 15, 2011, the Debtor filed its Third Amended Plan of Reorganization (the "*Third Plan*"). *See* Dkt. No. 83. The Third Plan proposed that Bea Kabbani would become of the owner of the Reorganized Debtor in exchange for her commitment to contribute $150,000 to

3

the Reorganized Debtor in order to fund the plan. In order to satisfy the absolute priority rule, the Third Plan provided that if a class of creditors voted to reject the Third Plan, the Debtor would conduct an auction for the equity in the Reorganized Debtor.

14. Itasca Bank, the sole member of Class 1 under the Third Plan, voted to reject the Third Plan. Consequently, on July 22, 2011, an auction was held. By order of the Bankruptcy Court, Itasca Bank was held to be the winner of the auction. *See* Dkt. No. 153.

15. Subsequently, the Third Plan was amended, and on November 15, 2011, the Court entered an order confirming the Confirmed Plan. *See* Dkt. No. 185.

16. The Effective Date of Confirmed Plan was December 1, 2011. *See id.*

**B.　Dispute Over Disposition Of The Retainer.**

17. As the Firm understands it, a dispute has arisen between the Reorganized Debtor and Ms. Kabbani regarding whether, in light of Itasca Bank's acquisition of the equity in the Reorganized Debtor, the Retainer should be applied towards satisfaction of the Firm's allowed fees and expenses. Ms. Kabbani's position is that the Reorganized Debtor should pay all of the Firm's allowed fees and expenses in this Case, and that the Retainer should be returned to her/Medcare. The Reorganized Debtor believes that the Retainer should be applied to the allowed fees and expenses, and that it be responsible only for the allowed fees and expenses in excess of the Retainer.

18. So that the Firm may be timely compensated, it requests that the Court resolve this dispute in the context of this Application.

4

**II.** **SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY THE FIRM**

    **A.** **Overview**

19. This Application is the first and final application for compensation and expense reimbursement that the Firm has filed in the Case.

20. The fees for services (the "*Services*") provided by the Firm during the Application Period are broken down by professional as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350[2] | 41.3 | $12,485 |
| Sara E. Lorber | Partner | $300 | 202.6 | $60,780 |
| Gregg I. Minkow | Of Counsel | $300 | 7.2 | $2,160 |
| Adam B. Goodman | Of Counsel | $300 | 2.7 | $810 |
| Wes E. Johnson | Of Counsel | $300 | 3.1 | $930 |
| Maleta G. Beahan | Legal Assistant | $100 | 9.1 | $910 |
| Sam Rodgers | Legal Assistant | $100 | 18.9 | $1,890 |
| | | **TOTALS:** | **285.20** | **$80,055** |

21. In addition, during the Application Period, $5,137.69 in expenses (the "*Expenses*") were incurred on behalf of the Debtor. The Expenses consist of the following:

| Date | Expense | Amount |
|---|---|---|
| 3/30/2011 | Filing Fee | $1,039.00 |
| 4/5/2011 | Postage | $51.84 |
| 4/15/2011 | Other - Outside Vendor (Notice/Service) | $16.88 |
| 4/25/20111 | Delivery of documents | 35.05 |
| 4/25/2011 | Witness Fees | 44.18 |
| 5/13/2011 | Deposition Transcript – Ken Motew | $915.00 |

---

[2] As of October 1, 2011, William J. Factor's rate increased from $300/hr. to $350/hr.

| | | |
|---|---|---|
| 5/13/2011 | Pleading/Exhibit Binder | 33.54 |
| 5/25/2011 | Postage | $20.72 |
| 6/7/2011 | Deposition Transcript – Beatta Kabbani | $317.00 |
| 6/8/2011 | Postage | $12.16 |
| 6/13/2011 | Postage | $208.00 |
| 6/17/2011 | Publication of Notice of Auction | $1,591.20 |
| 6/30/2011 | Other - Outside Vendor (Notice/Service) - Notice of Filing of Corrected Exhibit B to the Disclosure Statement for the Debtor's Third Amended Plan of Reorganization | $38.48 |
| 7/7/11 | Witness Fee – David Davis | $56.59 |
| 7/18/11 | Transcript of Proceedings – Hearing on Lift Stay Motion | $724.75 |
| 11/17/2011 | Other Outside Vendor (Notice/Service) - Service of Order and Notice of Plan Confirmation | $33.30 |
| | | |
| | **TOTAL:** | **$5,137.69** |

22.     The Firm respectfully submits that the Services rendered to the Debtor and Expenses incurred during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the estate, as further discussed herein.

23.     The Firm maintains contemporaneous written records of the time expended by its professionals.

24.     Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm on behalf of the Debtor; (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services in one-tenth of one hour increments; and (d) the identity of the professionals who performed Services.

**B.     Breakdown of Fees by Category of Services Rendered**

25.     For the Court's convenience, the Firm has categorized its Services to the Debtor into the following categories: (a) Case Administration; (b) Matters Relating to the Receiver; (c) Matters Relating to Itasca Bank's Lift Stay Motion; and (d) Plan of Reorganization and Disclosure Statement.

*Case Administration (Exhibit A-1)*

26.      During the Application Period, the Firm expended 25.4 hours, with a value of $6,900, on behalf of the Debtor on matters relating to the administration of the Case.

27.     The Services in this category include, among other things: (a) advising and consulting with the Debtor with regard to Chapter 11 planning and strategy; (b) preparing the bankruptcy petition and schedules; (c) advising and consulting with the Debtor with respect to its powers and duties as debtor and debtor-in-possession; (d) conferring and meeting with creditors and other parties in interest; (e) preparing on behalf of the Debtor all schedules, statements, motions, applications, orders, monthly operating reports and other papers necessary to the administration of its estate; (f) appearing before this Court and the United States Trustee; (g) preparing the application to employ the Firm and attending the hearing thereon, and (h) performing all other necessary legal Services and providing all other necessary legal advice to the Debtor in connection with the Case.

28.     A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 2.9 | $870 |
| Sara E. Lorber | Partner | $300 | 17.9 | $5,370 |
| Wes E. Johnson | Of Counsel | $300 | 1 | $300 |
| Maleta G. Beahan | Legal Assistant | $100 | 3.6 | $360 |
|  |  | **TOTALS:** | **25.4** | **$6,900** |

*Matters Relating to the Receiver (Exhibit A-2)*

29. During the Application Period, the Firm expended 23.5 hours with a value of $7,030 in connection with matters relating to the Receiver.

30. The Services in this category include, among other things: (a) advising the Debtor with regard to the Receiver; (b) responding to and appearing in Court on Itasca Bank's motion to excuse compliance with 11 U.S.C. § 543(b); (c) negotiating agreed orders with Itasca Bank and the Receiver regarding compliance with § 543(b); (d) communicating with the Receiver and his counsel regarding various matters; and (f) opposing the Receiver's fee application.

31. A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 2.5 | $750 |
| Sara E. Lorber | Partner | $300 | 20.9 | $6,270 |
| Maleta G. Beahan | Legal Assistant | $100 | .1 | $10 |
|  |  | **TOTALS:** | **23.5** | **$7,030** |

8

*Matters Relating to Itasca Bank's Motion to Lift the Automatic Stay (Exhibit A-3)*

32. During the Application Period, the Firm expended 88.5 hours with a value of $26,190 in connection with matter relating to Itasca Bank's Motion to Lift the Automatic Stay (the "*Lift Stay Motion*").

33. The Services in this category include, among other things: (a) responding to the Lift Stay Motion and appearing in Court on same; (b) conducting written and oral discovery; (c) preparing for and participating in multiple evidentiary hearings on the Lift Stay Motion; and (d) preparing pre and post-trial submissions.

34. A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 18.4 | $5,520 |
| Sara E. Lorber | Partner | $300 | 59.0 | $17,610 |
| Gregg I. Minkow | Of Counsel | $300 | 7.2 | $2,160 |
| Adam B. Goodman | Of Counsel | $300 | | |
| Wes E. Johnson | Of Counsel | $300 | 2.1 | $630 |
| Maleta G. Beahan | Legal Assistant | $100 | 1.8 | $180 |
| | | **TOTALS:** | **88.5** | **$26,190** |

*Plan of Reorganization and Disclosure Statement (Exhibit A-4)*

35. During the Application Period, the Firm expended 139.2 hours with a value of $38,135, in connection with the plan process.

36. The Services in this category include, among other things: (a) advising the Debtor with regard to the plan and confirmation process; (b) formulating the plan structure in consultation with the Debtor; (c) preparing the plan and amended plans, as well as the disclosure

9

statement for the Third Plan; (d) conducting the auction of the equity in the Reorganized Debtor and appearing at hearings on same; (e) preparing the motion to set combined hearing on the plan and disclosure statement; (f) negotiating with Itasca Bank over terms of the plan; and (g) preparing for and participating in the plan confirmation hearing.

37. A breakdown of the professionals providing Services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $300 / $350 | 17.5 | $5,250 |
| Sara E. Lorber | Partner | $300 | 100.4 | $30,120 |
| Adam B. Goodman | Of Counsel | $300 | 2.7 | $810 |
| Maleta G. Beahan | Legal Assistant | $100 | 3.6 | 360 |
| Sam Rodgers | Legal Assistant | $100 | 15.0 | $1,500 |
| | | **TOTALS:** | **139.2** | **$38,135** |

*Claim Administration (Exhibit A-5)*

38. During the Application Period, the Firm expended 8.6 hours with a value of $1,800, in connection with matters relating to Claim Administration.

39. The Services in this category include reviewing the claims filed against the estate and objecting to the Giacomo & Somers claim.

40. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Hourly Rate | Total Hours | Value |
|---|---|---|---|
| Sara E. Lorber | $300 | 4.7 | $1,410 |
| Sam Rodgers | $100 | 3.9 | $390 |
| | **TOTALS:** | **8.6** | **$1,800** |

## BASIS FOR THE REQUESTED RELIEF

**I.    COMPENSATION STANDARDS**

41.    Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

42.    In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

43.    The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services."

11

*Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

44. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

45. The average hourly billing rate for the attorneys who performed the Services – that is, the "lodestar" rate – is $300.00. This average rate is fair and reasonable in light of the Services provided and the experience of the Firm's professionals. Moreover, the compensation requested by the Firm is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

## II.   EXPENSE REIMBURSEMENT STANDARDS

46. With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

47. "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros., Inc.*, 191 B.R. at 749.

48. The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and the Firm respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate.

12

## NOTICE

49. Notice of this Application and the Application have been served on all creditors, Registrants in the Case and the Office of the United States Trustee.

## NO PRIOR REQUEST

50. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE the Firm respectfully requests that the Court enter an Order:

A. Allowing and awarding the Firm on a final basis fees in the amount of $80,055.00 and expenses in the amount of $5,137.69. (the "*Allowed Fees and Expenses*");

B. Authorizing the Firm to apply the Retainer to the Allowed Fees and Expenses and/or directing the Reorganized Debtor to pay the Allowed Fees and Expenses; and

C. Granting such other and further relief as this Court deems just and appropriate.

Dated: December 19, 2011   Respectfully submitted,

THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.

By: /s/ Sara E. Lorber

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
  WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL 60062
Tel: (847) 239-7248
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
 slorber@wfactorlaw.com

13